FILED
CLERK
7/21/2025 3:22 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

---

№ 10-074 (S-4) (JFB)

---

Heriberto Martinez,

Petitioner,

versus

United States of America,

Respondent.

---

**MEMORANDUM AND ORDER**
July 21, 2025

---

Joseph F. Bianco, Circuit Judge (sitting by designation):

Petitioner Heriberto Martinez ("Martinez" or "petitioner"), proceeding *pro se*, petitions this Court, pursuant to 28 U.S.C. § 2255, seeking to vacate his convictions under 18 U.S.C. § 924(c), entered following a jury trial. For the reasons set forth below, Martinez's petition is denied in its entirety on the merits.[1]

## I. Background

On March 21, 2013, Martinez was found guilty, after a six-week jury trial, on fourteen counts related to the murders of three victims and his racketeering activities as the leader of the Coronados Locos Salvatruchas clique of La Mara Salvatrucha gang ("MS-13"). (ECF Dkt. Nos. 1252, 1263.)

As relevant to this motion, Martinez was convicted of the murders of Vanessa Argueta and Nestor Moreno in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts Four and Sixteen), and the discharge of a firearm in connection with these murders, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (c)(1)(C) (Counts Five and Seventeen). (ECF Dkt. Nos. 1263, 1451.)

Martinez was also convicted of the murder of Mario Alberto Canton Quijada in aid of racketeering, in violation of Section 1959(a)(1) (Count Twenty), and brandishing a firearm during Quijada's murder, in violation of Sections 924(c)(1)(A)(ii) and (c)(1)(C) (Count Twenty-One). (ECF Dkt. Nos. 1263, 1451.)[2]

---

[1] Martinez also filed a motion to appoint counsel. (ECF No. 1713.) However, because the motion is clearly without merit, the Court finds that the appointment of counsel is unwarranted.

[2] Martinez was also convicted of racketeering, in violation of 18 U.S.C. §§ 1962(c) and 1963 (Count One); racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a) (Count Two); conspiracy to murder Argueta in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Three); causing the death of Argueta through the use of a firearm, in violation of 18 U.S.C. § 924(j)(1) (Count Six); accessory after the fact in connection with the murders of Argueta and Diego Torres, in violation of 18 U.S.C. § 3 (Count Seven); conspiracy to murder Moreno in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Fifteen); causing the death of Moreno through the use of a firearm, in violation of 18 U.S.C. § 924(j)(1) (Count Eighteen); and conspiracy to murder Quijada in aid of racketeering, in violation of 18 U.S.C.

1

After the jury found Martinez guilty on all counts, he was sentenced, on December 9, 2013, to life imprisonment, plus an additional 60 years' imprisonment to be served consecutively to the life sentence. (ECF Dkt. Nos. 1450, 1451.) Martinez filed a timely notice of appeal on January 7, 2014. (ECF Dkt. No. 1455.)

On April 11, 2016, the Second Circuit affirmed his conviction and sentence. (ECF Dkt. No. 1611.) Martinez is currently incarcerated and serving his sentence.

Martinez subsequently filed the instant *pro se* petition to vacate his convictions under Section 2255. (ECF Dkt. No. 1702.) The government filed an opposition to the motion, and Martinez filed a reply. (ECF Dkt. Nos. 1709, 1714.)

II. STANDARD OF REVIEW

Pursuant to Section 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" when petitioner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

When a petitioner files a Section 2255 petition *pro se*, the Court construes the petitioner's claims liberally to raise the strongest arguments. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (noting a *pro se* complaint is to be "liberally construed in [the defendant's] favor").

With respect to the issue of whether an evidentiary hearing is warranted, Section 2255 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Here, because there are no facts in dispute, the Court concludes that an evidentiary hearing is unwarranted.

III. DISCUSSION

Martinez argues that his convictions under Section 924(c) must be vacated because they are predicated on offenses that are not "crimes of violence"—namely, racketeering, conspiracy to murder, and murder in aid of racketeering. (ECF Dkt. No. 1702.) As explained below, Martinez's argument is without merit.[3]

A. Legal Standard

---

§ 1959(a)(5) (Count Nineteen). (ECF Dkt. Nos. 1263, 1451.)

[3] As a threshold matter, there is a discretionary question as to whether the court should decline to consider, under the concurrent sentence doctrine, Martinez's collateral attack on his Section 924(c) convictions. Under that doctrine, a court may decline to consider collateral challenges to the validity of a conviction when "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Brown v. United States*, No. 21-1530, 2023 WL 3001239, at *6 (2d Cir. 2023) (summary order) (quoting *Al-'Owahili v. United States*, 36 F. 4th 461, 467 (2d Cir. 2022)). The Second Circuit has applied that doctrine in circumstances where the conviction at issue involves a consecutive sentence, as opposed

2

Section 924(c) provides for mandatory minimum sentences for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The statute defines an offense as a "crime of violence" in two different ways. First, under the "elements clause," also referred to as the "force clause," an offense constitutes a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). Second, the "residual clause," includes any offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

However, the Supreme Court held that the residual clause is unconstitutionally vague. *See United States v. Davis*, 558 U.S. 445, 470 (2019). Accordingly, only felony offenses that have as "an element the use, attempted use, or threatened use of physical force . . . are valid predicate crimes of violence to sustain a [Section] 924(c) conviction." *Stone v. United States*, 37 F.4th 825, 828 (2d Cir. 2022) (internal quotation marks and citation omitted).

"To determine whether an offense is a crime of violence" under the elements clause, "courts employ what has come to be known as the 'categorical approach.'" *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (citations omitted). Under this approach, a court does not consider the specific facts of the offense. *See id.* Instead, a court must "identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions–i.e., the elements–of the offense." *United States v. Pastore*, 83 F.4th 113, 118 (2d Cir. 2022) (alteration adopted) (internal quotation marks and citation omitted). Moreover, "[f]or certain statutes that list elements in the alternative, and thereby define multiple crimes, [the Second Circuit has] deemed the statute to be divisible and applie[s] a modified categorical approach," under which a court "may review a limited class of documents from the record of conviction to determine what crime, with what elements, a defendant was convicted of." *Id.* at 118–19 (internal quotation marks and citations omitted). After doing so, the court "then return[s] to the categorical analysis and compare[s] the elements of the offense of conviction with [S]ection 924(c)(3)(A)'s definition of a crime of violence." *Id.* at 119 (internal quotation marks and citation omitted).

---

to a concurrent sentence. *Al-'Owahili*, 35 F.4th at 469. As to this petition, both prongs appear to be met. First, because Martinez is serving concurrent life sentences on the unchallenged counts, vacatur of the Section 924(c) convictions will not reduce the amount of time he is required to serve in prison. With respect to the second factor, the Court considers "the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Kassir v. United States*, 3 F.4th 556, 568 (2d Cir. 2021) (internal quotation marks and citation omitted). None of those factors are present here. *See, e.g., Brown*, 2023 WL 3001239, at *2 ("[B]ecause [petitioner] challenges only the section 924(c) convictions that carry sentences running consecutive to his eight unchallenged life sentences, we decline to consider the question presented on appeal."). However, the government did not raise this issue and, in its discretion, the Court will address the merits of petitioner's claim.

Thus, to determine whether a Section 924(c) charge is based on a crime of violence, "we must determine whether any one of the [S]ection 924(c) predicate offenses listed in the indictment," such as conspiracy to commit murder in aid of racketeering and murder in aid of racketeering, "categorically involve[s] the use of force." *Id.* (internal quotation marks and citation omitted).

The Second Circuit has made clear that the modified categorical approach applies to substantive offenses under Section 1959. *Id.* Moreover, the Second Circuit has held that conspiracy to murder in aid of racketeering does not categorically qualify as a crime of violence. *See Stone*, 37 F.4th at 828; *Pastore*, 36 F.4th at 428. However, "murder in aid of racketeering remains a categorical crime of violence." *Stone*, 37 F.4th at 828.

The Second Circuit has further instructed that, "where a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt," the error is "harmless" so long as the jury would have found the defendant guilty on the alternative charged predicate beyond a reasonable doubt. *Id.* at 831; *see also United States v. Laurent*, 33 F.4th 63, 88 (2d Cir. 2022) ("[T]he Supreme Court has repeatedly suggested that, when a statute is divisible in that it offers alternative possibilities for determining guilt, some of which are crimes of violence, some not, the court may consult such sources as the indictment and the plea allocution or the jury charge to determine whether the defendant was charged and convicted under the branch of the statute that qualifies as a crime of violence.").

For example, in *Stone*, the Court found that, although the jury's finding of guilt was based both on conspiracy to murder and substantive murder charges, any error was harmless. 37 F.4th at 832. There, the jury "found facts 'satisfying the essential elements of guilt' on the valid predicate of substantive murder in aid of racketeering 'that would have sustained a lawful conviction' of the firearm offense. *Id.* (alteration adopted) (quoting *Laurent*, 33 F.4th at 86). Even if the jury was not directed to consider the murder charge as the predicate crime of violence for the firearm charge, the Court found ample evidence that the jury would have found, beyond a reasonable doubt, that the murder charge was committed by the use of a firearm. *See id.*

B. Application

Here, although Martinez's Section 924(c) convictions for the murders of the three victims (Argueta, Moreno, and Quijada) were predicated both on conspiracy to murder and substantive murder charges (ECF Dkt. No. 1263), and the Court instructed the jury that the government needed to prove beyond a reasonable doubt that petitioner committed *one or more* of those crimes, (ECF Dkt. No. 1243, at 108, 138, 146), the jury found Martinez guilty of the underlying murder charges, not merely the conspiracy charges. More specifically, in addition to finding Martinez guilty on the three Section 924(c) charges (Counts Five, Seventeen, and Twenty-One), the jury also found him guilty of murdering each of the three victims in aid of racketeering, in violation of Section 1959(a)(1) (Counts Four, Sixteen, and Twenty). (ECF Dkt. No. 1263, at 5, 10–12.) Moreover, the Court's detailed verdict sheet included specific factual findings by the jurors with respect to each of the Section 924(c) convictions. *Id.* at 6, 10 and 12. In particular, with respect to the Argueta and Moreno murders, the jury not only unanimously found petitioner guilty of the substantive murders, but also specifically found that it was "Proven" that a firearm was both brandished and discharged "during the

4

commission of the *Murder of Vanessa Argueta*" (Count Five) and "during the commission of the *Murder of Nestor Moreno*" (Count Seventeen). *Id.* at 6, 10. (emphases added). With respect to the Quijada murder, the jury found petitioner guilty of the Section 924(c) count and specifically found that "a firearm was brandished during the commission of the *Murder of Mario Alberto Canton Quiiada*" (Count Twenty-One). *Id.* at 12 (emphasis added).

Accordingly, because it is beyond any doubt that the jury would have found Martinez guilty of the three Section 924(c) convictions based on the substantive murder predicate alone, any error associated with the Court's instruction that guilt could be based on either predicate is harmless. *See Stone*, 37 F.4th at 832 (finding "the error of instructing the jury on the now-invalid predicate was harmless to [the defendant] because the jury found facts satisfying the essential elements of guilt on the valid predicate of substantive murder in aid of racketeering that would have sustained a lawful conviction on the firearm offense") (alteration adopted) (internal quotation marks omitted).

Martinez asserts that his Section 924(c) convictions are invalid, even based on the substantive murder predicate, because the jury was permitted to convict him of that predicate under a *Pinkerton* theory which, according to Martinez, is the equivalent of a impermissible conspiracy predicate. However, the Second Circuit has rejected this precise argument and held that "[e]ven if the jury relied on a *Pinkerton* theory to find [the defendant] committed substantive murder, it still would qualify as a permissible predicate crime of violence." *Gomez v. United States*, 87 F.4th 100, 108 (2d Cir. 2023).

In sum, because murder in aid of racketeering is a categorical crime of violence, Martinez's convictions are based on the elements clause of Section 924(c) and are thus constitutional under *Davis*. *See, e.g., Stone*, 37 F.4th at 832 (holding that the court did not err in convicting defendant of a Section 924(c) charge based on a finding that he used a firearm in connection with conspiracy to murder because the charge was also predicated on a substantive murder offense, which meets the requisite "crime of violence" under the Elements Clause). Therefore, Martinez's motion to vacate his Section 924(c) convictions has no merit.

IV. CONCLUSION

For the foregoing reasons, the Court finds that Martinez has failed to demonstrate a basis for relief under Section 2255. Accordingly, his motion is denied in its entirety on the merits.

Because Martinez has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purposes of any appeal. *See United States v. Kosic*, 944 F.3d 448, 449 (2d Cir. 2019) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962)).

SO ORDERED.

/s/ Joseph F. Bianco
JOSEPH F. BIANCO
United States Circuit Judge

5

(sitting by designation)

Dated: July 21, 2025
Central Islip, New York

\* \* \*

Petitioner is proceeding *pro se*, Coleman II, U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 1034, Coleman, FL 33521. Respondent is represented by Assistant United States Attorneys John Durham and Megan Farrell, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722, and 271 Cadman Plaza East, Brooklyn, NY 11201.